**Robert PICKHART, Appellant,**

v.

**UNITED STATES POST OFFICE, Director, Employee & Labor Relations & Kentucky Unemployment Insurance Commission, Appellees.**

Court of Appeals of Kentucky.

Sept. 9, 1983.

Case Ordered Published By Court, of Appeals Sept. 30, 1983.

Rehearing Denied Nov. 18, 1983.

Discretionary Review Denied March 21, 1984.

Alan W. Roles, Louisville, for appellant.

Paul F. Fauri, Gen. Counsel, William K. Moore, Cabinet for Human Resources, Frankfort, for Kentucky Unemployment Ins. Com'n.

U.S. Post Office Director, Employee & Labor Relations, Louisville, pro se.

Before HOWARD, MILLER and REYNOLDS, JJ.

HOWARD, Judge.

The appellant was denied unemployment compensation and he attempted to appeal to the Jefferson Circuit Court. The appeal was dismissed because the petition was not verified as required by statute and the twenty-day period provided for in perfecting the appeal expired. Appellant appeals to this Court from the order of the trial court dismissing his appeal from the administrative agency.

The statute setting out the appeal procedure is K.R.S. 341.450 and same reads as follows:

Judicial review.—(1) Except as provided in KRS 341.460, within twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the circuit court of the county in which the claimant was last employed by a subject employer whose reserve account is affected by such claims. Any other party to the proceeding before the commission shall be made a defendant in such action. The complaint shall state fully the grounds upon which review is sought, assign all errors relied on, and *shall be verified* by the plaintiff or his attorney. [Emphasis added.]

The sole question in this case is whether or not the verification requirement is mandatory or merely a ministerial act.

Under the Civil Code of Practice all complaints were required to be verified, but a failure to do so was cured by an amended complaint and leave to file such amendments were freely granted by the courts. *City of Dayton v. Hirth*, 121 Ky. 42, 87 S.W. 1136 (1905). Appellant argues that the principle enunciated in the above case and in numerous subsequent cases cited in appellant's brief should in some way guide us in reaching a decision in the case at bar. Since the requirement for verification is described in those cases as being merely ministerial and not mandatory, we cannot agree with this contention. The requirement for verification is mandated by the statute quoted above and the failure to comply is fatal to appellant's appeal. In the case of *Roberts v. Watts*, Ky., 258 S.W.2d 513 (1953), the appellant failed to assign all errors relied upon in an appeal from the Department of Transportation to the Franklin Circuit Court. The Court of Appeals, in affirming the trial court's dismissal, stated as follows:

The right of appeal in administrative ... proceedings does not exist as a matter of right. When the right is conferred by statute, a strict compliance with its terms is required. It is the general rule that where the conditions for the exercise of the power of the court are wanting the judicial power is not, in fact, lawfully invoked. The appeal, not having been properly perfected, the Franklin Circuit Court was without jurisdiction and properly dismissed the appeal.

Also, appellant's reliance on the case of *Commonwealth of Kentucky, Department of Highways v. Parker*, Ky., 394 S.W.2d 899 (1965), is misplaced. A summons was issued after an appeal was filed from a decision of the then Workmen's Compensation Board. However, the appellant had the summons served upon the attorney general pursuant to CR 4.04 rather than upon the Executive Secretary of the Workmen's Compensation Board as required by K.R.S. 342.285(1). The Court of Appeals held in favor of the appellant because the summons had been issued in good faith which is the requirement to commence an action under CR 3 and K.R.S. 413.250. We fail to see how this holding has any application in this case.

It is our view that the failure of a party to strictly comply with the mandatory provisions of a statute authorizing an appeal from an administrative agency is jurisdictional. Therefore, any such failure is fatal to the appeal.

The judgment of the trial court is affirmed.

REYNOLDS, J., concurs.

MILLER, J., dissents.

MILLER, Judge, dissenting:

I would reverse this matter with directions to grant appellant leave to verify the complaint. In my view, the verification of pleadings is ministerial in nature and therefore its omission should not be allowed to defeat otherwise good pleading. Leave to verify should be freely given. Strict compliance with the rule requiring verifica-

tion would serve no useful purpose. I believe that *City of Dayton v. Hirth,* 121 Ky. 42, 87 S.W. 1136, 1137 (1905), is sufficient precedent, although it by far predates the adoption of the present Rules of Civil Procedure.