**SHAMROCK COAL COMPANY, INC., Appellant,**

v.

**Claude TAYLOR and Kentucky Unemployment Insurance Commission, Appellees.**

Court of Appeals of Kentucky.

Oct. 11, 1985.

Neville Smith, Manchester, for appellant.

Terry Morrison, Cabinet for Human Resources, Frankfort, for Unemployment Ins. Com'n.

Robert H. Brown, ARDF of Kentucky, Inc., Somerset, for Claude Taylor.

Before HAYES, C.J., and GUDGEL and MILLER, JJ.

MILLER, Judge.

Appellant/employer, Shamrock Coal Company, Inc. (Shamrock), brings this appeal from a judgment of the McCreary Circuit Court which reversed an order of the Kentucky Unemployment Insurance Commission (KUIC) and directed the KUIC to grant appellee, Claude Taylor (Taylor), unemployment benefits and to appropriately charge Shamrock's reserve account. KRS Chapter 341. Shamrock argues (1) that the circuit court had no jurisdiction because Taylor's petition was not properly verified as required by KRS 341.450(1); and (2) that the findings of KUIC were supported by substantial evidence and should have been affirmed by the circuit court.

■ We reject the first contention of Shamrock as we believe Taylor's petition was in sufficient compliance with KRS 341.450(1). It was no more than a technical defect. In *Pickhart v. U.S. Post Office*, Ky.App., 664 S.W.2d 939 (1983), cited by Shamrock, there was no attempt at verification. We believe a clear attempt at verification is sufficient, notwithstanding it does not reflect that an oath was rendered to a person authorized to receive same. It is clear the petition filed by Taylor was verified, though not under oath. We believe this to have been sufficient, under the circumstances.

We now consider appellant's second contention which is a matter of considerable consequence. Shamrock is engaged in the business of mining coal. Taylor, a man of 25 years experience as a dozer operator, was in Shamrock's employ as an operator on July 22, 1983. He had been employed by Shamrock for five or six years. On that particular day, he turned his dozer over, causing minimal damage. Shamrock maintained that Taylor was using the dozer in a dangerous and unauthorized manner which precipitated the turnover, and consequently dismissed him over the incident. At the time of the mishap, Taylor was working in a "shot area" where he had worked for over one year. The area was essentially a pit created when rock overlying a coal seam was blasted then removed by the dozer, thereby exposing the coal seam for mining. The shot area was surrounded on one side by a highwall—a wall of stone variously estimated to be from 5 to 16 feet in height. As was customary, Taylor parked his pickup truck which he drove to

work on top of the highwall. He worked a daylight shift of 7:00 a.m. to 3:30 p.m. Usually, upon completion of work, Taylor would drive his dozer from the end of the shot area up a grade and upon the highwall to his truck. As the pit was quite long, this was a rather time-consuming route. On the day in question, Taylor, on his own volition, decided to build a road so as to go directly from the pit or bottom of the shot area to the top of the highwall. In building this road, he permitted the dozer to slip from solid rock on top of the highwall and overturn into the shot area. It required a full day to retrieve the dozer with the aid of two other dozers and a highlift.

After being dismissed, Taylor filed for unemployment benefits. The appeals referee (KRS 341.420) held that Taylor's dismissal was for misconduct connected with his work and disqualified him from receiving benefits through the duration of his unemployment. Shamrock was granted relief from charges to its reserve account. KRS 341.530. KUIC affirmed the decision of the appeals referee and the McCreary Circuit Court reversed and remanded to the commission with directions to award benefits and charge Shamrock's reserve account. We affirm the circuit court.

■ Under our statute, a worker discharged for misconduct may be disqualified from receiving unemployment benefits for the duration of his unemployment. KRS 341.370(1)(b) provides in relevant part as follows:

#### DISQUALIFICATIONS—RELATED DEFINITIONS.—

(1) A worker shall be disqualified from receiving benefits for the duration of any period of unemployment with respect to which:

. . . . .

(b) He has been discharged for misconduct or dishonesty connected with his most recent work, or from any work which occurred after the first day of the worker's base period and which last preceded his most recent work, . . . .

Reviewing the law relating to discharge for misconduct, we observe that an employer is entitled to the faithful and obedient service of his employee, and that failure to render same may constitute misconduct by the employee. *See Brown Hotel v. White*, Ky., 365 S.W.2d 306 (1963). However, a misconduct allegation is in the nature of an affirmative defense to an employee's claim for benefits under the chapter, and although the employee bears the overall burden of proof and persuasion, the employer has the burden of proving misconduct. *See Brown Hotel v. Edwards*, Ky., 365 S.W.2d 299 (1963). Moreover, in construing a statute imposing disqualification for misconduct, the rule of strict construction applies. Such a rule is justified in maximizing the purpose of the statute in relieving the stress of economic insecurity due to unemployment through little or no fault of the worker. 76 Am.Jur.2d *Unemployment Compensation* § 6 (1975).

■ In view of the foregoing principles of law, we can only view Taylor's acts leading to the overturn of the dozer as constituting nothing more than an isolated case of poor judgment or minor and unintentional negligence. While such may well be a basis for terminating his employment, it falls far short of the type of conduct required under the statute in forfeiting benefits. 76 Am.Jur.2d *Unemployment Compensation* § 52 (1975). There is a total absence of bad faith or any inference of culpability in the form of willful or wanton conduct. Certainly, Taylor—a man of 25 years experience in dozer operating and five or six years tenure for Shamrock—had some discretion in the definitive use of the dozer in accomplishing his employer's purpose. This would logically include not only the method of uncovering the coal and moving rock, but also the building of a road sufficient for ingress and egress. Further, we are compelled to recall that the actual damage to the machine was minor and although the upsetting of a dozer is not insignificant, it does not, on a single occasion, constitute such an unlikely occurrence as to manifest a willful or wanton

use of the machine. To allow this single act or mishap to constitute "misconduct" within the meaning of the statute would certainly constitute the adoption of a rule barring a great mass of workers from benefits under a statute enacted for their protection. *Cf. Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636 (1941). Certainly, no job—especially the rigorous task of mining coal—can be performed free of misadventure. With this in mind, we must conclude that Shamrock failed in carrying its burden of proof, and further that the judgment of the circuit court was correct.

For the foregoing reasons, the judgment of the McCreary Circuit Court is affirmed.

HAYES, C.J., concurs.

GUDGEL, J., dissents by separate opinion.

GUDGEL, Judge, dissenting by separate opinion:

Since it is undisputed that the employee's petition for review filed in the circuit court was not properly verified, the court should have dismissed his appeal under the authority of *Pickhart v. U.S. Post Office,* Ky. App., 664 S.W.2d 939 (1983). Therefore, I dissent.