Janet L. **FISHER**, Appellant,

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Corbin, Ltd., Appellees.**

No. 92–CA–2216–S.

Court of Appeals of Kentucky.

April 29, 1994.

Discretionary Review Denied by Supreme Court Aug. 24, 1994.

Michael J. Curtis, Ashland, for appellant.

J. William Hernandez, Cabinet for Human Resources, Frankfort, for appellee Kentucky Unemployment Ins. Com'n.

Pamela H. Potter, Vanantwerp, Monge, Jones & Edwards, Ashland, for appellee Corbin, Ltd.

Before HUDDLESTON, JOHNSTONE and SCHRODER, JJ.

JOHNSTONE, Judge.

The question is whether an attorney's signature on a petition for review is sufficient compliance with the "verified complaint" requirement of KRS 341.450 to confer jurisdiction on the circuit court. Because we find this case indistinguishable from the situation addressed in *Monyhan v. Kentucky Unemployment Insurance Commission,* Ky.App., 709 S.W.2d 837 (1986), we are constrained to concur in the decision of the circuit judge that it is not.

The facts of this case are simple and undisputed. Janet L. Fisher sought review in the Boyd Circuit Court of a decision by the Kentucky Unemployment Commission denying her claim for benefits. Upon the motion of Corbin, Ltd., her former employer, the circuit court dismissed the appeal for failure to verify her complaint as required by KRS 341.450(1). In her appeal to this Court, Ms.

Fisher argues that her attorney's signature on the complaint sufficiently complies with the statutory mandate and that her complaint must, therefore, be reinstated. In the alternative, she asserts that she should be granted leave to amend the petition for review. We cannot agree.

While we are not unsympathetic to appellant's argument, we are simply unable to distinguish appellant's plight from that which was found to be fatal in *Pickhart v. United States Post Office*, Ky.App., 664 S.W.2d 939 (1983), and *Monyhan, supra*. The Court in *Pickhart* adhered to the long-standing principle that statutes providing for judicial review of the decisions of administrative agencies are to be strictly observed. This view fully comports with the rationale utilized by our Supreme Court in rejecting a claim of substantial compliance in *Kentucky Unemployment Insurance Commission v. Carter*, Ky., 689 S.W.2d 360, 361–362 (1985):

> It is argued by Carter that the mentioning of the employer (even though by an erroneous name) in the recitation of facts and the mailing of a copy of the complaint to the employer's attorney created substantial compliance with the statute. Even if we agreed with the claim, we find no authority before the court to authorize the doctrine of substantial compliance in a case where the appeal process is statutorily created and implemented. In the case of *Board of Adjustments of City of Richmond v. Flood*, Ky., 581 S.W.2d 1 (1978), the plaintiffs sought judicial review of the decision of the Board of Adjustment, under the aegis of a specific statute KRS 100.347. In direct violation of the terms of that statute, plaintiffs failed to name the Planning and Zoning Commission as a party defendant in their complaint. In ruling that the complaint was to be dismissed for want of jurisdiction, viz., failure to name all parties, we said:
>
> > *There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy. Kentucky Utilities Co. v. Farmers Rural Electric Cooperative Corporation,* Ky., 361 S.W.2d 300 (1962); *Roberts v. Watts,* Ky., 258 S.W.2d 513 (1953)....*
> >
> > (Emphasis original).

Appellant suggests that this reasoning does not apply to her situation because the shortcoming in her petition was merely ministerial in nature, clearly distinguishable from the omission of an indispensable party. That argument, espoused by the dissent in *Pickhart*, is certainly not without appeal. Unfortunately, that is not the holding in *Pickhart* which unequivocally declares the verification requirement to be mandatory and jurisdictional.

We perceive our duty as an intermediate appellate court as binding us to defer to principles well established in Kentucky case law. That concept is, in our opinion, basic to a system of jurisprudence founded upon the doctrine of stare decisis. Whatever our view of the advisability of the policy set out in that precedent, we are precluded from simply choosing not to follow the law.

The judgment of the Boyd Circuit Court is affirmed.

SCHRODER, J., concurs.

HUDDLESTON, J., dissents by separate opinion.

HUDDLESTON, Judge, dissenting.

Respectfully, I dissent. Pursuant to Ky. Rev.Stat. (KRS) 341.450, an aggrieved former employee may seek judicial review of a Kentucky Unemployment Insurance Commission decision by filing a verified complaint against the Commission and his or her employer in the circuit court of the county in which the claimant was last employed. Janet L. Fisher sought review of the Commission's order denying her unemployment insurance benefits in Boyd Circuit Court. Upon the motion of Corbin, Ltd., the circuit court dismissed Fisher's appeal for failure to verify her complaint. On appeal to this Court, Fisher argues that she sufficiently complied with the statute when her attorney signed

the complaint. Fisher asks that her petition be reinstated or, in the alternative, that the circuit court be directed to grant her leave to amend her complaint to supply the missing verification.

While pleadings need not be verified under Rule 11 of the Kentucky Rules of Civil Procedure (CR) "[e]xcept when otherwise specifically provided by Rule or statute," KRS 341.450(1) specifically requires verification of complaints filed against the Commission:

> [W]ithin twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the circuit court of the county in which the claimant was last employed.... The complaint shall state fully the grounds upon which review is sought, assign all errors relied on, *and shall be verified by the plaintiff or his attorney.* (Emphasis supplied.)

This Court addressed the verified complaint requirement in *Pickhart v. United States Post Office,* Ky.App., 664 S.W.2d 939 (1983) and in *Monyhan v. Kentucky Unemployment Ins. Comm'n,* Ky.App., 709 S.W.2d 837 (1986)[1]. In both cases, the circuit court dismissed a claimant's appeal for failure to file a verified complaint. This Court held that "the failure of a party to strictly comply with the mandatory provisions of a statute authorizing an appeal from an administrative agency is jurisdictional." *Pickhart,* 664 S.W.2d at 940; see also *Monyhan,* 709 S.W.2d at 837. Jurisdictional defects require dismissal of an appeal. *Pickhart,* 664 S.W.2d at 940; *Monyhan,* 709 S.W.2d at 837.

Statutes that provide for judicial review of the decisions of administrative agencies must be strictly observed. "There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required." *Kentucky Unemployment Ins. Comm'n v. Carter,* Ky., 689 S.W.2d 360, 362 (1985) (citing *Board of Adjustments of City of Richmond*

*v. Flood,* Ky., 581 S.W.2d 1, 2 (1978)). Undoubtedly, under this long-established principle of law, parties seeking appellate review of Commission decisions must comply with the requirements of KRS 341.450.

Fisher argues that the signature of her attorney sufficiently complies with the statute. Fisher claims that the attorney's signature in effect "verified" the contents of the complaint and thus it lacked only the recital of a formal oath. Under CR 11 "[t]he signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact...." KRS 341.450(1) provides that a claimant's attorney may verify the complaint. Because an attorney ordinarily does not have personal knowledge of the allegations made in a complaint, he can only attest that he has undertaken a reasonable investigation of the facts and that the allegations are true to the best of his knowledge, information and belief. Verification by Fisher's attorney would have added nothing more than his signature currently represents under CR 11.

Supporting her argument of sufficient compliance, Fisher cites *Shamrock Coal Co., Inc. v. Taylor,* Ky.App., 697 S.W.2d 952 (1985), in which this Court found that "a clear attempt at verification" constituted "sufficient compliance" with KRS 341.450(1). The complaint in *Shamrock* also lacked an oath. It is unclear from the Court's opinion in *Shamrock* how the complaint failed to include an oath, yet sufficiently complied with the statute. Due to the lack of a more specific description of the defect by the Court in *Shamrock,* it is impossible to discern whether Fisher's complaint would constitute "sufficient compliance" with KRS 341.450(1). Unfortunately, the Court's ruling in *Shamrock* does not assist in evaluating Fisher's compliance with the statute.

Furthermore, the Kentucky Supreme Court, also interpreting KRS 341.450(1) in

---

1. The Kentucky Supreme Court denied discretionary review of the *Monyhan* decision and ordered this Court's opinion published.

*Carter,* 689 S.W.2d at 361, found "no authority before the court to authorize the doctrine of substantial compliance in a case where the appeal process is statutorily created and implemented." The rulings of *Shamrock* and *Carter* seem to conflict. *Shamrock* allows *sufficient* compliance; *Carter* disallows *substantial* compliance. Due to the ambiguity of *Shamrock,* the ruling in *Carter* provides a clearer mandate which is that the statute requires nothing less than full compliance.

In *Carter* the circuit court dismissed an appeal brought under KRS 341.450 for failure to comply with the statute granting the right to an appeal. The Supreme Court upheld the circuit court's action. Upon its face, *Carter* appears to be fatal to Fisher's appeal. However, *Carter* involves a very different aspect of KRS 341.450(1). In *Carter,* the claimant failed to join the employer in its appeal. Naming a party to an appeal is significantly different from a ministerial act such as verifying a pleading. *Pickhart,* 664 S.W.2d at 940 (Miller, J., dissenting). The portion of KRS 341.450(1) requiring the claimant to name the employer in his appeal is analogous to CR 73.03, which requires that a notice of appeal name all appellants and appellees.

The Civil Rules with their concept of notice pleading have eliminated the practice of verifying pleadings in all but a few instances. Under CR 65.03 and CR 65.04, petitions for restraining orders and temporary injunctions must be verified. Verification provides the court with added assurance that the allegations are genuine and grounded in fact. This assurance is necessary in proceedings, such as those seeking temporary injunctions, where the court acts upon the allegations of the petition. Such a rationale for verification does not exist under KRS 341.450(1). The filing of a verified complaint under KRS 341.-450(1), particularly one verified by an attorney who lacks first-hand knowledge of the facts, serves no legitimate purpose.

It is undisputed that KRS 341.450(1) requires a verified complaint and that Fisher filed an unverified complaint. However,

analysis must not stop with the simple application of the statute. While Fisher's right to appeal is statutory, the Rules of Civil Procedure govern the circuit court action granted by the statute. "[I]t is the spirit of the Civil Rules by history and interpretation that they promote the ends of justice. The Rules also have been interpreted to facilitate decisions on the merits, rather than determinations on technicalities." 6 William D. Bertelsman and Kurt A. Philipps, *Kentucky Practice,* CR 1 at 3 (4th ed. 1984).

Under CR 15.01, amendment of a pleading is allowed as a matter of right before a responsive pleading has been filed.[2] The rule also provides for amendment of pleadings after the filing of a responsive pleading upon leave of the court. "[L]eave shall be freely given when justice so requires." CR 15.01. Neither the Commission nor Corbin, Ltd. filed a responsive pleading in circuit court. Corbin, Ltd.'s motion to dismiss is not a responsive pleading under CR 15.01. *Vincent v. City of Bowling Green,* Ky., 349 S.W.2d 694 (1961); *Kentucky Lake Vacation Land, Inc. v. State Property and Bldgs. Comm'n,* Ky., 333 S.W.2d 779 (1960). Under CR 15.01, Fisher had an absolute right to amend her complaint. In any event, the circuit court should have granted Fisher leave to amend her complaint to cure its technical defect.

The keystone to the effective and efficient functioning of the Civil Rules is the discretion of the trial judge. The rules grant considerable power to the trial judge and provide general guidelines as to the manner in which it should be exercised. In using this discretion, judges must view the rules with sympathetic understanding in order to effectuate the objectives of rules. This discretion often must be used to relieve counsel or parties from the consequences of excusable neglect or error. The rules will remain workable only as long as the trial judges exercise their discretion intelligently on a case by case basis rather than on arbitrary considerations of time designed to avoid trials on the merits.

---

**2.** Claims asserted in an amended complaint generally related back to the date of the original pleading. CR 15.03.

6 Bertelsman and Philipps, *Kentucky Practice,* CR 1 at 4.

CR 11 also reflects the same policy—that courts ought to allow correction of technical defects and that such defects ought not decide cases. Under CR 11, if a pleading filed with the court lacks the required signature of an attorney or party, the deficiency is brought to the attention of the attorney or party so that the defect may be rectified before the court strikes the pleading. Just as CR 15.01 gives Fisher the right to amend her complaint, CR 11 also allows for the correction of similar technical defects. Both rules embody the basic principle of our system of justice which favors deciding cases upon the merits and discourages disposing of cases due to technical defects.

Although the precise issue which this case presents has not been previously resolved by this Court or by the Kentucky Supreme Court, the issue has been addressed in several federal cases. For example, in *Johnston Broadcasting Co. v. Federal Communications Comm'n,* 175 F.2d 351 (D.C.Cir.1949), Johnston moved the Commission to dismiss a competing application filed by one Thomas N. Beach on the ground that an unverified application failed to meet the statutory requirement for consideration. The Commission declined to dismiss Beach's application and granted him permission to construct a new radio broadcasting station. Although it reversed the Commission on other grounds, the Court of Appeals determined that an initial failure to verify could be cured by a later verification. After analyzing several federal and state decisions, the Court said:

> Upon the foregoing authorities, the rule appears to be that when a statute requires verification of a pleading, a court cannot act upon the pleading unverified, but that an initial failure to verify can be cured by later verification.

*Id.* at 356. Similar rulings were made in *Yajima v. United States,* 6 F.R.D. 260 (E.D.N.Y.1946) and in *Daewoo Electronics Company, Ltd. v. United States,* 655 F.Supp. 508 (Ct.Int'l. Trade 1987), as well as in cases cited in those opinions.

This issue has also been addressed by the courts of several of our sister states. Almost universally, they have held that the failure to verify a complaint where verification is required by statute is not fatal to the cause of action and that verification can be supplied by an amended complaint. Perhaps the most thorough discussion of this issue is to be found in the Kansas case, *In re Estate of Shaffer,* 203 Kan. 264, 454 P.2d 1 (1969). In a passage particularly relevant to the case under consideration, that state's Supreme Court said:

> It must be conceded that this court, under early decisions, has held that an unverified petition filed pursuant to [a statute requiring verification] is subject to a motion to strike. (Citations omitted.) However, we have never held nor do we now view an unverified petition to be a nullity, defying amendment [pursuant to a rule similar to CR 15].

*Id.* 203 Kan. at 269, 454 P.2d at 5. Similar decisions from other jurisdictions are cited in the Kansas opinion and in 61A Am.Jur. *Pleading* § 348 (1981). In addition, see *Bank of Edgefield v. Farmers' Co-operative Manuf'g Co.,* 52 F. 98 (5th Cir.1892); *In re Estate of Sessions,* 217 Or. 340, 341 P.2d 512 (1959); and *State ex rel. Williams v. Jones,* 179 Tenn. 206, 164 S.W.2d 823 (1942).

Neither Corbin, Ltd. nor the Commission were prejudiced by Fisher's failure to file a verified complaint. Fisher's unemployment benefits had been fully debated at the administrative level so that all parties were familiar with the case and not surprised by the allegations of her complaint. Although KRS 341.450(1) requires the filing of a verified complaint and Fisher initially failed to comply, in my opinion the lower court should have allowed Fisher to amend her complaint to cure this technical defect.

This case should be remanded to Boyd Circuit Court with directions to set aside the order dismissing Fisher's complaint and to permit her to file an amended verified complaint.