Tony C. TAYLOR, Appellant,

v.

KENTUCKY UNEMPLOYMENT IN-
SURANCE COMMISSION and River
Metals Recycling, LLC, Appellees.

No. 2011–SC–000346–DG.

Supreme Court of Kentucky.

Oct. 25, 2012.

William Clinton Prow, Providence, KY, Counsel for Appellant, Tony C. Taylor.

Amy F. Howard, Office of Legal and Legislative Services, Education and Workforce Development Cabinet, Frankfort, KY, Counsel for Appellee, Kentucky Unemployment Insurance Commission.

Joseph Hubert Langerak, IV, Lauren E. Dimmitt, Rudolph, Fine, Porter & Johnson, LLP, Evansville, IN, Counsel for Appellee, River Metals Recycling, LLC.

Opinion of the Court by Justice VENTERS.

Tony C. Taylor appeals from an opinion of the Court of Appeals which affirmed an order of the Henderson Circuit Court dismissing his petition for review of a decision of the Kentucky Unemployment Insurance Commission (KUIC). In addition to denying Taylor unemployment benefits, KUIC ordered Taylor to reimburse $12,785.00 in benefit payments that he had already received.

Relying upon controlling precedent, the circuit court dismissed Taylor's petition for review because it did not comply with the verification requirement contained in KRS 341.450(1). The circuit court thus concluded that its jurisdiction was not invoked within the twenty-day limitations period provided for filing such an action. From this determination, the court further concluded that it lacked jurisdiction to grant Taylor's motion to file a properly verified amended petition, leaving no alternative but to dismiss the case with prejudice.

On appeal, Taylor raises the following claims for our review: (1) that failure to include a verification clause in the original application did not deprive the circuit court of jurisdiction, and thus the court could have granted his motion to amend; (2) that even if the verification requirement is jurisdictional he substantially complied with KRS 341.450's verification requirement; (3) that he has met the requirements of KRS 341.450(1) as amended because his attorney signed the petition which pursuant to CR 11 suffices to qualify as a verification; and (4) that KRS 13B.140 grants the circuit court subject matter jurisdiction and supersedes KRS 341.450.

For the reasons stated below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Taylor alleged that he terminated his employment at River Metals because of health problems. After the local unemployment office determined that Taylor was entitled to draw unemployment benefits, River Metals appealed to the KUIC. Following a hearing, the referee agreed that Taylor had voluntarily quit his job for

good cause and was entitled to benefits. Upon its review, KUIC reversed the referee's assessment and concluded that Taylor's voluntary termination of his employment was without good cause. It also ordered that Taylor must reimburse the $12,785.00 in benefits he had received.

On the final day of the twenty-day period allowed for seeking judicial review of a KUIC decision, Taylor filed a petition for review in the Henderson Circuit Court. Although Taylor's attorney had signed the petition, his signature was not verified. The petition did not otherwise include a verification provision of any sort whatsoever; nor was it signed by Taylor.

River Metals moved to dismiss the action on the grounds that, without formal verification, the petition failed to meet the jurisdictional requirements found in KRS 341.450. Well beyond the expiration of the twenty-day limitations period, Taylor attempted to cure the deficient pleading by moving to file an amended petition that had the proper verification. In his motion to amend, Taylor explained that he had inadvertently omitted the verification of the petition. KUIC also moved for dismissal on the same grounds asserted by River Metals.

The circuit court concluded that strict compliance with the terms of KRS 341.450 was necessary in order to invoke its jurisdiction, and that without formal verification, the petition did not comply with the statute. The court further reasoned that, since the defective petition was inadequate to invoke its jurisdiction, the court lacked authority to grant the motion to amend the petition. Accordingly, the circuit court dismissed the case.

On appeal, the Court of Appeals affirmed the dismissal, relying principally upon three prior decisions addressing substantially similar issues. *See Fisher v. Kentucky Unemployment Ins. Com'n,* 880 S.W.2d 891, 891 (Ky.App.1994) (attorney's signature on the petition for review was not sufficient compliance with statutory "verified complaint" requirement to confer jurisdiction on circuit court.); *Monyhan v. Kentucky Unemployment Ins. Com'n,* 709 S.W.2d 837 (Ky.App.1986) (The claimant's unverified petition for review of the Unemployment Commission's ruling was dismissed because it was not filed in the appropriate circuit court and was therefore not in compliance with the statutory requirement for verified complaints.); *Pickhart v. U.S. Post Office,* 664 S.W.2d 939, 940 (Ky.App.1983) (claimant's failure to comply with statute requiring that a complaint filed to secure judicial review be verified, was fatal to his appeal).

*Pickhart,* the Court of Appeals discussed the issue as follows:

The sole question in this case is whether or not the verification requirement is mandatory or merely a ministerial act. Under the Civil Code of Practice all complaints were required to be verified, but a failure to do so was cured by an amended complaint and leave to file such amendments were [sic] freely granted by the courts. *City of Dayton v. Hirth,* 121 Ky. 42, 87 S.W. 1136 (1905). Appellant argues that the principle enunciated in the above case and in numerous subsequent cases cited in appellant's brief should in some way guide us in reaching a decision in the case at bar. Since the requirement for verification is described in those cases as being merely ministerial and not mandatory, we cannot agree with this contention. The requirement for verification is mandated by the statute quoted above and the failure to comply is fatal to appellant's appeal. In the case of *Roberts v. Watts,* Ky., 258 S.W.2d 513 (1953), the appellant failed to assign all errors relied upon in an appeal from the Depart-

ment of Transportation to the Franklin Circuit Court. The Court of Appeals, in affirming the trial court's dismissal, stated as follows:

> The right of appeal in administrative ... proceedings does not exist as a matter of right. When the right is conferred by statute, a strict compliance with its terms is required. It is the general rule that where the conditions for the exercise of the power of the court are wanting the judicial power is not, in fact, lawfully invoked. The appeal, not having been properly perfected, the Franklin Circuit Court was without jurisdiction and properly dismissed the appeal.
>
> . . . .
>
> It is our view that the failure of a party to strictly comply with the mandatory provisions of a statute authorizing an appeal from an administrative agency is jurisdictional. Therefore, any such failure is fatal to the appeal.

*Pickhart*, 664 S.W.2d at 940.

■ *Monyhan* relied upon the holding in *Pickhart* to answer the same question the same way, and *Fisher* relied upon those two holdings, plus *Carter*, to reach the same conclusion. We believe these four cases accurately state the rule in the case before us, and thus we hold that a properly verified complaint is required to invoke circuit court jurisdiction under KRS 341.450(1), and, further, that a CR 11 signature by the claimant's attorney is insufficient to comply with the verification requirements of the statute.

Taylor acknowledges that *Pickhart, Monyhan* and *Fisher* squarely hold that the failure to verify a petition for judicial review of a decision of the Commission is jurisdictional and strict compliance with the rule is required. Nevertheless, he argues that those cases were wrongly decided and contends that, "[t]he notion that the

court lacks jurisdiction for want of verification simply should not be the law. Such was not the law under the strict fact pleading system of old and should not be the law under the current notice pleading rules of civil procedure system[s] which are designed to facilitate decisions on the merits. No public policy or legislative intent exist [sic] to defend a holding to the contrary."

We granted discretionary review in order to examine whether the settled precedent relied upon by the circuit court and the Court of Appeals remains viable, whether the verification requirement of KRS 341.450(1) requires strict compliance, and whether the attorney's signature on the petition should be regarded as satisfying the statutory requirement for verification.

## II. VERIFICATION AND CIRCUIT COURT JURISDICTION

■ Judicial review of KUIC decisions is provided by KRS 341.450(1), which states:

> (1)Except as provided in KRS 341.460, within twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the Circuit Court of the county in which the claimant was last employed by a subject employer whose reserve account or reimbursing employer account is affected by such claims. Any other party to the proceeding before the commission shall be made a defendant in such action. The complaint shall state fully the grounds upon which review is sought, assign all errors relied on, *and shall be verified by the plaintiff or his attorney*. The plaintiff

shall furnish copies thereof for each defendant to the commission, which shall deliver one (1) copy to each defendant. (emphasis added).

Thus, pursuant to the plain terms of the statute, in order to secure judicial review, a claimant must file a *verified* complaint against the KUIC and the employer in the appropriate circuit court within twenty days after the KUIC's decision. Taylor's original complaint met all statutory prerequisites except verification. As noted above, the petition was merely signed by Taylor's attorney without verification; there was no verification of the petition by either the attorney or by Taylor himself.

Because it illustrates several important principles and it involves the same administrative agency, the same statute, and an analogous provision, we begin our review with a discussion of *Kentucky Unemployment Ins. Com'n v. Carter,* 689 S.W.2d 360 (Ky.1985). In *Carter,* the claimant sought judicial review in the circuit court but failed to name his former employer in the action as required by KRS 341.450(1). *Id.* at 360. The Court of Appeals held that the petition should not be dismissed because it was in substantial compliance with the provisions of KRS 341.450(1); however, upon review, citing to *Board of Adjustments of City of Richmond v. Flood,* 581 S.W.2d 1 (Ky.1978), this Court stated "we find no authority before the court to authorize the doctrine of substantial compliance in a case where the appeal process is statutorily created and implemented." *Id.* at 361.

In *Flood,* plaintiffs seeking judicial review under KRS 100.347 of a board of adjustments decision failed to comply with the statutory requirement of naming the planning commission as a party defendant. 581 S.W.2d at 2. We held that the complaint had to be dismissed for want of jurisdiction by reason of the failure to name all parties, stating:

> There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required. Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked. That is to say, that the court lacks jurisdiction or has no right to decide the controversy.
>
> . . . .
>
> It is plain as a billboard that the legislature has granted to persons aggrieved by the final action of the board of adjustments the grace of appeal to the circuit court provided they perfect that appeal by filing it in the circuit court, including the planning commission as a party, within thirty days. Here the appeal was filed within the thirty-day limitation, but no effort was made to include the Commission as a party until sixty-eight days after the final action of the Board. Consequently, one of the conditions precedent to the exercise of judicial power by the circuit court was not met and it was required to dismiss the appeal for want of jurisdiction.

*Id.* at 2 (citations omitted). It is a firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied.[1]

---

1. See also *Kentucky Utilities v. Farmers Rural Electric Cooperative Corporation,* 361 S.W.2d 300 (Ky.1962) (Statute requiring that an action to set aside an order of an administrative agency be brought by any party to the proceeding or any affected utility within twenty days after being served with order is jurisdictional); *City of Danville v. Wilson,* 395 S.W.2d 583 (Ky.1965) (Judge's decision to try merits of remonstrance suit against proposed annex-

In summary, in *Carter* we held that if the claimant's petition for judicial review failed to comply with a specific provision required by KRS 341.450(1) it did not confer upon the circuit court jurisdiction over the controversy. Similarly, Taylor also failed to comply with a specific provision of KRS 341.450(1)—the verification requirement. We cannot say that the legislature intended that the requirement in *Carter* for naming the employer as a party should be enforced with greater rigor than the verification requirement. The two requirements are two peas from the same pod. Here, as in *Carter*, "one of the conditions precedent to the exercise of judicial power by the circuit court was not met and it was required to dismiss the appeal for want of jurisdiction." 689 S.W.2d at 362 (quoting *Flood*, 581 S.W.2d at 2).

As indicated by the cases cited above in footnote 1, the principle underlying *Carter* is well established. The ruling of the lower courts is fully in accord with that principle. Taylor urges us now to adopt a less stringent standard of pleading for appeals from administrative agencies. However, we see no sound reason to depart from this well-settled principle of law, and therefore we decline the invitation. *Hilen v. Hays*, 673 S.W.2d 713, 717 (Ky.1984) (Stare decisis requires this Court to follow precedent set by prior cases, and this Court will only depart from such established principles

when "sound legal reasons to the contrary" exist.).

## III. SUBSTANTIAL COMPLIANCE AND THE ATTORNEY'S SIGNATURE AS EQUIVALENT TO VERIFICATION

 Notwithstanding the authorities discussed in the preceding section, Taylor contends that the verification provision contained in KRS 341.450(1) requires only substantial compliance, and that he did substantially comply with the requirement because his attorney's signature on the petition constitutes "certification" under CR 11, and serves as the functional equivalent of "verification." He cites to *Shamrock Coal Co., Inc. v. Taylor*, where there was also imperfection in the verification of a petition for review of a KUIC ruling. 697 S.W.2d 952 (Ky.App.1985).

Although the opinion in *Shamrock Coal* does not explain the specific defect in the petition for review, it appears that it did not reflect that the claimant was properly sworn in connection with his verification effort. In holding that the imperfection was not fatal to the claim, the court stated as follows:

> We reject the first contention of Shamrock as we believe Taylor's petition was in sufficient compliance with KRS 341.450(1). It was no more than a technical defect. In *Pickhart v. U.S. Post*

ation by city on basis that complaint could be amended to name city as a party after the statutory 30–day period for filing such an action would be such "usurpation of jurisdiction" as would justify issuance of writ of prohibition); *Howell v. Haney*, 330 S.W.2d 941 (Ky.1960) (new or additional grounds of contest may not be added by amendment after the time for filing the petition has expired); *Roberts v. Watts*, 258 S.W.2d 513 (Ky.1953) ("The right of appeal in administrative ... proceedings does not exist as a matter of right., When the right is conferred by statute, a strict compliance with its terms is required.

It is the general rule that where the conditions for the exercise of the power of a court are wanting the judicial power is not, in fact, lawfully invoked."); and *Blue Grass Mining Co. v. North*, 265 Ky. 250, 96 S.W.2d 757 (1936) (Statute providing for appeal from order of Workmen's Compensation Board within twenty days after its rendition held to require issuance of the summons within that period, and therefore circuit court did not acquire jurisdiction of attempted appeal where the summons was not delivered to sheriff within' such period).

*Office,* Ky.App., 664 S.W.2d 939 (1983), cited by *Shamrock,* there was no attempt at verification. We believe a clear attempt at verification is sufficient, notwithstanding it does not reflect that an oath was rendered to a person authorized to receive same. It is clear the petition filed by Taylor was verified, though not under oath. We believe this to have been sufficient, under the circumstances.

*Id.* at 953

Thus it appears that in *Shamrock Coal,* there was a good faith attempt at verification but that, for reasons the opinion fails to make clear, upon verification there was an irregularity in the administration of the oath. *Id.* The lack of detail in *Shamrock Coal* as to exactly what the defect in the verification was hampers our ability to fully consider the merits of the holding. However, it is apparent that in that case, some definitive effort at verification of the petition was made because the court refers to "a clear attempt at verification." *Id.* Thus, whereas in *Shamrock Coal,* there was a deliberate and, presumably, good faith effort at verification, here there was no effort at verification at all. As Taylor noted in his motion to amend his petition, "the original Petition herein inadvertently omitted the verification of the Petitioner." Consequently, *Shamrock Coal* is easily distinguishable from this case. If *Shamrock Coal* is our guide for substantial compliance, Taylor falls short of that mark.

Taylor also argues that because his petition was signed by his attorney, it actually complies with the verification provision of KRS 431.450(1). We regard this argument as a variation on the same theme as his substantial compliance argument. He reaches this conclusion by way of the following reasoning: CR 11 provides that "the signature of an attorney or party constitutes a certification . . ." of a plead-

ing. Certification of a pleading is the functional equivalent to "verification." Therefore, the certification of the petition by his attorney's signature effectively provides the verification required by KRS 341.450(1).

At the outset of our discussion of this point, let us note that we recognize Taylor's point that the petition for review need not be verified by the claimant; it may be verified instead by the claimant's attorney. But in this case Taylor's attorney merely signed the petition; he did not execute a verification of the petition. As relevant to his argument, CR 11 provides as follows:

> Except when otherwise specifically provided by Rule or statute, pleadings need not be verified or accompanied by affidavit. . . . The signature of an attorney or party constitutes a certification by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Taylor's argument that certification under CR 11 should be treated as the equivalent of verification is not persuasive. CR 11 *itself* clearly distinguishes between the two processes, stating at one point, "[e]xcept when otherwise specifically provided by Rule or statute, pleadings need not be *verified* or accompanied by affidavit," and at another, "[t]he signature of an attorney or party constitutes a *certification* by him that he has read the pleading, motion or other paper. . . ." Certification and verification are not the same.

■ "Verification" is defined as "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Black's Law Dictionary, 1556 (7th ed.1999); *see also* 3 *Am.Jur.2d Affidavits* § 8 (A verified complaint must be sworn to under oath.). Thus the verification process is obviously distinguishable from a mere signature, even if that signature is deemed by CR 11 to qualify for the enhanced status of a "certification."

■ In contrast, "certification" means "1. The act of attesting. 2. The state of having been attested. 3. An attested statement."[2] Black's Law Dictionary (9th ed.2009). Thus, unlike verification, the certification of a document does not take place in the presence of an authorized officer and there is not an overt and simultaneous swearing to the truth of the relevant statements. Certification is one's personal affirmation of belief in the truthfulness of what is stated in the document. Verification, on the other hand, requires the statement of a third party (i.e., the notary or officer administering the oath) showing that the declarant has sworn an oath to the truthfulness of what is asserted in the document.

■ We therefore do not accept Taylor's argument that certification of the petition and verification of the petition are interchangeable acts. While the signature upon verification may suffice as a certification, the reverse is not true. A certification is not a verification, and where the legislature has commanded the latter, the former does not suffice.

## IV. KRS CHAPTER 13B

■ As his final argument, Taylor contends that KRS Chapter 13B grants the circuit court jurisdiction over the controversy and thereby supercedes KRS 341.450. More specifically, he argues that KRS 13B.140, which generally prescribes the requirements for a petition seeking judicial review of an administrative agency order, does not require verification of the pleading. He also points to KRS 13B.020(1), which states:

> The provisions of this chapter shall apply to all administrative hearings conducted by an agency, with the exception of those specifically exempted under this section. *The provisions of this chapter shall supersede any other provisions of the Kentucky Revised Statutes and administrative regulations, unless exempted under this section, to the extent these other provisions are duplicative or in conflict.* This chapter creates only procedural rights and shall not be construed to confer upon any person a right to hearing not expressly provided by law. (emphasis added)

Taylor contends that these provisions override the provisions of KRS 341.450(1), thereby vitiating, among other things, the verification provisions contained in that section. River Metals and KUIC respond, however, that proceedings before the Unemployment Insurance Commission are specifically exempted by other provisions of KRS Chapter 13B from these general provisions. See, e.g., KRS 13B.020(3)(g)(*l*) (exempting "Unemployment Insurance hearings conducted under the authority of KRS Chapter 341" from KRS Chapter 13B).

---

**2.** In turn, BLACK's defines "attest" as "1. To bear witness; testify <attest to the defendant's innocence. 2. To affirm to be true or genuine; to authenticate by signing as a witness <attest the will." BLACK's LAW DICTIONARY (9th ed.2009). Thus to attest to something does not require a swearing under oath as does a verification.

However, a review of Taylor's filings in the circuit court and the Court of Appeals discloses that he did not raise this issue in either of those forums. Further, it is well settled that a party may not raise an issue for the first time on appeal. *See Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky.1976) (*overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky.2010)). Because this argument is in violation of this well-established rule, we are unable to consider this issue on the merits.

## V. CONCLUSION

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

All sitting. All concur.