WRIGHT, J.,
DISSENTING:
I respectfully dissent, as I believe Wilson’s substantial compliance with the requirements was sufficient to satisfy the statutory mandates. Specifically, Wilson signed an attached verification page stating that he “read in its entirety the foregoing pleatding], and to the best of [his] knowledge the information contained therein is truthful and accurate.” All that was absent was the signature of a notary. This oversight could have been easily rectified and the merits could have then been properly addressed with no prejudice to the opposing party.
In Taylor v. Kentucky Unemployment Ins. Comm’n, 382 S.W.3d 826, 833 (Ky. 2012), there was “no effort of verification at all.” Therefore, this Court distinguished Shamrock Coal Co., Inc. v. Taylor, 697 S.W.2d 952 (Ky. App. 1985) wherein the Court of Appeals had held “a clear attempt at verification is sufficient.” I would not overturn Shamrock and would, instead, reaffirm its holding. Though his signature was not notarized, Wilson made a clear attempt at verification which substantially complied with the statutory requirements.
This is a classic case of form over substance and it does not serve the administration of justice. Keeping in mind that we are a Court of Justice, it is better for us to resolve the issue on its merits rather than tossing it out because the motion was not verified. Therefore, I would affirm the *342 Court of Appeals and send the matter back to the Jefferson Circuit Court, which should then address the merits of Wilson’s claim. Otherwise, the result is simply unjust. The legal arena should not be a large-scale game of “gotcha” where people win or lose based on technicalities.
Cunningham, J., joins.