RENDERED: AUGUST 24, 2017
TO BE PUBLISHED

# Supreme Court of Kentucky



2016-SC-000411-DG

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION         APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.         CASE NO. 2014-CA-001023
JEFFERSON CIRCUIT COURT NO. 14-CI-000854

NORMAN WILSON AND         APPELLEES
UNIVERSAL LINEN, LLC

## OPINION OF THE COURT BY JUSTICE VENTERS

### REVERSING

The Kentucky Unemployment Insurance Commission (KUIC) appeals from a decision of the Court of Appeals which concluded that Appellee Norman Wilson had substantially complied with the verification requirement of KRS 341.450(1) when he filed a complaint in the Jefferson Circuit Court seeking judicial review of an adverse decision of KUIC. The Jefferson Circuit Court dismissed Wilson's complaint based upon the decision of this Court in *Taylor v. Kentucky Unemployment Insurance Commission*, 382 S.W.3d 826 (Ky. 2012). The Court of Appeals reversed the circuit court, citing the substantial compliance doctrine implicit in *Shamrock Coal Co. v. Taylor*, 697 S.W.2d 952

(Ky. App. 1985). We granted discretionary review to examine the continuing viability of *Shamrock* in light of our decision in *Taylor*.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

After losing his job, Wilson applied for unemployment compensation. When he received an unfavorable ruling from the KUIC, he exercised his statutory right of judicial review by filing a complaint in Jefferson Circuit Court pursuant to KRS 341.450(1). As relevant to our review, KRS 341.450(1) provides that a party aggrieved by a final decision of the KUIC may obtain judicial review of that decision "by filing a complaint against the commission in the [circuit court of the appropriate county]. . . . *The complaint . . . shall be verified by the plaintiff or his attorney.*" (Emphasis added.)

Wilson's attorney signed the complaint and Wilson signed an attached "verification" page which stated: "I, Norman Wilson, have read in its entirety the foregoing plea[ding], and to the best of my knowledge the information contained therein is truthful and accurate." Neither Wilson's signature, nor the signature of his attorney, was notarized or otherwise subscribed under oath before an officer authorized to administer oaths.

---

[1] This case squarely presents the question that evaded review in *Spears v. Goodwine*, 490 S.W.3d 347, 352 (Ky. 2016). *Spears* came to this Court as an appeal of a writ of prohibition granted by the Court of Appeals. The underlying case presented the question of whether substantial compliance would intervene to save an unverified complaint for judicial review of a decision of a public retirement fund board. We resolved the issue purely upon conventional writ analysis and did not address the underlying issue of substantial compliance.

Citing *Taylor*, the circuit court concluded that Wilson's complaint lacked the verification expressly required by KRS 341.450(1). Accordingly, the circuit court dismissed the action, reasoning that the unverified complaint failed to vest that court with the authority to adjudicate the case. On appeal, however, the Court of Appeals found *Shamrock* to be a more fitting precedent. *Shamrock* holds that a complaint which exhibits "a clear attempt at verification" is sufficiently compliant with KRS 341.450(1) to authorize judicial review. 697 S.W.2d at 953. Thus, the Court of Appeals reversed the trial court's decision and reinstated Wilson's claim.

## II. ANALYSIS

In *Taylor*, we reaffirmed the "firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied." 382 S.W.3d at 831.[2] As a general rule, "[t]here is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978) (citations omitted). Statutory preconditions for vesting courts with the authority to engage in judicial review cannot be satisfied by substantial compliance. *See City of*

---

[2] We acknowledge that the use of the word "jurisdiction" in this context is confusing. We clarified in *Spears* that "[t]he deficiency [of an unverified complaint seeking judicial review of an administrative order] has no effect on the circuit court's subject matter jurisdiction. 490 S.W.3d at 352. However, such deficiency leaves the "court without jurisdiction of the particular case." *Id.* (citation omitted).

3

*Devondale v. Stallings*, 795 S.W.2d 954, 957 (Ky. 1990) ("It is only [when defects are nonjurisdictional in nature] that a discussion of substantial compliance . . . is appropriate."). Consequently, at least with respect to the jurisdictional requirements for invoking judicial review of an administrative agency ruling, we have no substantial compliance exception to a statute which grants the right to appeal. *See Kentucky Unemployment Insurance Commission v. Carter*, 689 S.W.2d 360, 361-362 (Ky. 1985).

We also noted in *Taylor* a significant line of cases holding that the verification requirement of KRS 341.450(1) requires strict compliance, and that the attorney's signature alone on the petition could not be regarded as satisfying the statutory requirement for verification.

> We believe [*Monyhan*,[3] *Pickhart*,[4] *Fisher*,[5] *and Carter*,[6] relied upon by *Fisher*] accurately state the rule in the case before us, and thus we hold that a properly verified complaint is required to invoke circuit court jurisdiction under KRS 341.450(1), and, further, that a CR 11 signature by the claimant's attorney is insufficient to comply with the verification requirements of the statute.

382 S.W.3d at 830.

The Court of Appeals' decision in *Shamrock* is plainly at odds with the principle of strict compliance. *Shamrock*, perhaps artfully, evades the foregoing

---

[3] *Monyhan v. Kentucky Unemployment Insurance Commission*, 709 S.W.2d 837 (Ky. App. 1986).

[4] *Pickhart v. U.S. Post Office*, 664 S.W.2d 939 (Ky. App. 1983).

[5] *Fisher v. Kentucky Unemployment Insurance Commission*, 880 S.W.2d 891 (Ky. App. 1994).

[6] *Kentucky Unemployment Insurance Commission v. Carter*, 689 S.W.2d 360 (Ky. 1985).

4

principles by avoiding the term "substantial compliance." Instead, it holds that the defective complaint was in "sufficient compliance" with KRS 341.450(1) because it exhibited "a clear attempt at verification." 697 S.W.2d at 953. *Shamrock* states that the pleading in question contained "no more than a technical defect" and reaches the curious conclusion that the complaint was "verified, though not under oath." *Id.*

By definition, "verification" occurs *only* when the signatory is "under oath." A statement not made under oath cannot be a "verified statement." As we said in *Taylor,* citing *Black's Law Dictionary* and 3 Am. Jur. 2d *Affidavits* § 8, "verification" means "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." 382 S.W.3d at 834.

For whatever reason, the legislature determined that a complaint filed to obtain judicial review of a KUIC decision "*shall be verified* by the plaintiff or his attorney." (Emphasis added.) A fundamental rule of statutory construction commands that "effect must be given, if possible, to every word, clause, and sentence of a statute." *Hampton v. Commonwealth,* 78 S.W.2d 748, 750 (Ky. 1934) (citations omitted). The judiciary is constrained to "giv[e] the words their plain and ordinary meaning," and to "[deduce] the intent of the Legislature . . . from the language it used, when it is plain and unambiguous." *Pearce v. University of Louisville,* 448 S.W.3d 746, 749 (Ky. 2014) (citations omitted). We cannot disregard the words of the statute simply because we think the

resulting application is harsh or we think the statute would be better without them.

In context with the rest of the statute, the meaning of "verified" is plain and unambiguous; we must give effect to that word. Every pleading filed in the courts must be "signed" by the party's attorney, or by the party himself if he has no attorney. CR 11. To construe the verification requirement of KRS 341.450(1) as being satisfied by the unsworn signature of a party or his attorney is tantamount to simply reading the word "verified" out of the statute. *Shamrock*'s conclusion that a signed but unsworn petition was "a clear attempt at verification" and thus in "sufficient compliance" with KRS 341.450(1) is untenable.

In *Taylor*, we noted that unlike the claimant in *Shamrock*, the claimant in *Taylor* had made "no effort at verification at all" and did not even attain the measure of "sufficient compliance" tolerated by the court in *Shamrock*. "If *Shamrock Coal* is our guide for substantial compliance, Taylor falls short of that mark." 382 S.W.3d at 833. By side-stepping the question of *Shamrock*'s continuing viability, we left the door open for its application by the Court of Appeals in this case. Consequently, the Court of Appeals concluded that the unsworn signature on the verification page of Wilson's complaint qualified as the kind of "clear attempt at verification" tolerated under *Shamrock*'s concept of "sufficient compliance." *Taylor* distinguished, but did not overrule, *Shamrock*. We correct that omission now. *Shamrock* was wrongly decided and is hereby overruled. A complaint subscribed with an unsworn signature lacking

6

attestation before a notary or another officer authorized to administer oaths is merely a signed pleading sufficient for CR 11; but, it is not a verified complaint as required by KRS 341.450(1).

Turning back now to the particular facts of the case before us, the only question remaining is whether Wilson's signed, but unsworn, declaration of the truthfulness of the complaint complies with KRS 341.450(1)'s verification requirement. *Taylor* resolved that a complaint *certified* by the attorney does not meet the statutory qualification of being "verified." We distinguished "certification" and "verification" in *Taylor*. "Verification" is "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document" but "[c]ertification is one's personal affirmation of belief in the truthfulness of what is stated in the document." 382 S.W.3d at 834.

The critical distinction between certification and verification is the latter's required formality of being under oath and attestation by a third party, the notary or other official. Wilson contends that he complied with the requirements of KRS 341.450 because his pleading is styled as a "Verified Complaint," it is signed by his attorney, who is an officer of the court, and unlike the complainant in *Taylor*, included a declaration that, to the best of his knowledge, the information in the complaint is truthful. He reminds us that his signature (though unsworn) was his formal declaration made in the presence of his attorney, an officer of the court. We do not question the veracity of Wilson or his attorney.

7

The Rules of Civil Procedure promulgated by this Court do not generally require that a pleading be verified; we are accustomed to merely a certification of the pleading. But we have long acknowledged that since there is no basic right of appeal to the courts from an action of an administrative agency, the General Assembly may prescribe the preconditions under which such an appeal must be perfected. *Flood*, 581 S.W.2d 1. Consequently, given the absence of an authorized officer's statement attesting that Wilson, or his attorney, swore under oath to the allegations of the complaint, we cannot regard it as "verified" within the meaning of KRS 341.450(1).

### III. CONCLUSION

Having overruled *Shamrock* and determined that the complaint filed herein fails to satisfy the verification requirement of KRS 341.450(1), we reverse the opinion of the Court of Appeals and reinstate the judgment of the Jefferson Circuit Court.

All sitting. Minton, C.J.; Hughes, Keller, and VanMeter, JJ., concur. Wright, J., dissents by separate opinion in which Cunningham, J., join

WRIGHT, J., DISSENTING: I respectfully dissent, as I believe Wilson's substantial compliance with the requirements was sufficient to satisfy the statutory mandates. Specifically, Wilson signed an attached verification page stating that he "read in its entirety the foregoing plea[ding], and to the best of [his] knowledge the information contained therein is truthful and accurate." All that was absent was the signature of a notary. This oversight could have been

easily rectified and the merits could have then been properly addressed with no prejudice to the opposing party.

In Taylor v. Kentucky Unemployment Ins. Comm'n, 382 S.W.3d 826, 833 (Ky. 2012), there was "no effort of verification at all." Therefore, this Court distinguished Shamrock Coal Co., Inc. v. Taylor, 697 S.W.2d 952 (Ky. App. 1985) wherein the Court of Appeals had held "a clear attempt at verification is sufficient." I would not overturn Shamrock and would, instead, reaffirm its holding. Though his signature was not notarized, Wilson made a clear attempt at verification which substantially complied with the statutory requirements.

This is a classic case of form over substance and it does not serve the administration of justice. Keeping in mind that we are a Court of Justice, it is better for us to resolve the issue on its merits rather than tossing it out because the motion was not verified. Therefore, I would affirm the Court of Appeals and send the matter back to the Jefferson Circuit Court, which should then address the merits of Wilson's claim. Otherwise, the result is simply unjust. The legal arena should not be a large-scale game of "gotcha" where people win or lose based on technicalities.

Cunningham, J., joins.

9

COUNSEL FOR APPELLANT:

Maria T. Russell
Patrick Byron Shirley
Education and Workforce Development Cabinet
Office of Legal and Legislative Services

COUNSEL FOR APPELLEE NORMAN WILSON:

Fernando Valdizan
Alex White

617 Baxter Avenue
Louisville, KY 40204

COUNSEL FOR APPELLEE UNIVERSAL LINEN, LLC:

Gavin Weinrich
Smith Greenberg & Perkins, PLLC