RENDERED: JUNE 16, 2016
TO BE PUBLISHED
FINAL
DATE 7-7-16 [signature]

# Supreme Court of Kentucky

## 2015-SC-000365-MR

KEITH SPEARS                                                          APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          NO. 2015-CA-000314-MR
FAYETTE CIRCUIT COURT NO. 14-CI-04359

HON. PAMELA R. GOODWINE, JUDGE,                          APPELLEE
FAYETTE CIRCUIT COURT

AND

BOARD OF TRUSTEES OF THE          APPELLEE/REAL PARTY IN INTEREST
LEXINGTON-FAYETTE URBAN
GOVERNMENT POLICEMEN'S
AND FIREFIGHTER'S
RETIREMENT FUND

**OPINION OF THE COURT BY JUSTICE VENTERS**

**<u>REVERSING AND VACATING</u>**

Appellant, Keith Spears, appeals from an order of the Court of Appeals granting a writ of prohibition sought by Appellee, Board of Trustees of the Lexington-Fayette Urban County Government Policemen's and Firefighter's Retirement Fund (Board), to prohibit the Fayette Circuit Court from considering Spears' Petition for Judicial Review of the Board's denial of his claim for disability benefits. For the reasons explained below, we reverse the Court of Appeals and vacate the writ.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Spears was a Lexington-Fayette Urban County Government police officer and a member of the Policemen's and Firefighter's Retirement Fund, which was established pursuant to KRS 67A.360 - 67A.690 to provide retirement annuities and disability benefits for police officers and firefighters of an urban-county government. Spears sustained a work-related injury and filed an application for disability benefits pursuant to KRS 67A.460.

Ultimately, the Board denied Spears' application. After exhausting his administrative remedies, Spears filed in the Fayette Circuit Court a timely appeal of the Board's decision pursuant to KRS 67A.670(1),[1] asserting that due process violations had occurred during the administrative process resulting in the denial of his application. The specifics of his allegations are not relevant to our review.

The Board moved to dismiss Spears' appeal on the basis that his petition for judicial review failed to comply with the requirement of KRS 67A.670(2) that a petition for review "shall be verified by the petitioner," and for that reason, the circuit court lacked jurisdiction to review the matter. It is uncontested that Spears had not signed or verified the petition for judicial review filed by his attorney with the circuit court clerk.

---

[1] KRS 67A.670(1) provides that: "The order or determination of the board [of Trustees of an urban county government Policemen's and Firefighter's Retirement Fund] upon the rehearing shall be conclusive and binding, but any interested party may, within twenty (20) days after the rendition of the order of the board, by petition appeal to the Circuit Court of the county in which the urban-county government is located for a review of the order of the board."

2

At the hearing held on the Board's motion to dismiss, Spears acknowledged the deficiency but he argued that he was unable to sign the initial petition because it was filed while he was away working as a cross-country truck driver. He further noted that when he returned, he signed a verification of the petition and filed it with an affidavit explaining his inability to sign and verify the initial petition. He argued that these steps should be regarded as a remedy for the initial deficiency. After considering the arguments of the parties, the circuit court determined that by supplementing the original petition with a subsequent verification, Spears had cured the deficiency of his original pleading and had, therefore, "substantially complied" with the verification requirement of the statute. On that basis, the circuit court denied the Board's motion to dismiss Spears' appeal.

In response to the circuit court's ruling, the Board petitioned the Court of Appeals for a writ of prohibition to bar the circuit court's judicial review of the Board's decision in Spears' case. The Court of Appeals concluded that the deficiency in Spears' initial pleading deprived the circuit court of subject matter jurisdiction. On that basis the Court of Appeals granted the writ requested by the Board. This appeal followed.

## II.   ANALYSIS

"A writ of prohibition is an 'extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Grange Mutual Insurance Company v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)).

3

Nevertheless, a writ of prohibition may be appropriately granted in three situations.

It is within a court's discretion to grant a writ when it falls within one of two classes of cases:

> The first is where "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court. . . ."
>
> . . .
>
> The second class of writ may issue where "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted."
>
> . . .
>
> However, [as a subset of the second class of writ] even where the petitioner does not stand to suffer irreparable injury, "in certain special cases," a writ may issue where "the administration of justice generally will suffer the great and irreparable injury."

*PremierTox 2.0 v. Miniard*, 407 S.W.3d 542, 546 (Ky. 2013) (quoting *3M Co. v. Engle*, 328 S.W.3d 184, 187 (Ky. 2010)).

Generally, the standard for appellate review of the propriety of a writ is "limited to an abuse-of-discretion inquiry, except for issues of law which are reviewed de novo." *Rehm v. Clayton*, 132 S.W.3d 864, 866 (Ky. 2004); *Newell Enterprises, Inc. v. Bowling*, 158 S.W.3d 750, 754 (Ky. 2005).[2] As noted by this Court in *Grange Mutual*, "De novo review will occur most often under the

---

[2] Overruled on other grounds by *Interactive Media Entertainment and Gaming Association, Inc. v. Wingate*, 320 S.W.3d 692 (Ky. 2010).

first class of writ cases, i.e., where the lower court is alleged to be acting outside its jurisdiction, because jurisdiction is generally only a question of law." 151 S.W.3d at 810. The Court of Appeals issued a writ of the first class based upon its conclusion that the circuit court was proceeding outside its jurisdiction,[3] thus raising an issue of law for which our review is de novo. .

## A. A writ of the first class is unavailable because the circuit court is not proceeding outside its jurisdiction.

"In the context of extraordinary writs, 'jurisdiction' refers not to mere legal errors but to subject-matter jurisdiction, which goes to the court's core authority to even hear cases." *St. Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 734 n. 14 (Ky. 2014) (quoting *Lee v. George*, 369 S.W.3d 29, 33 (Ky. 2012)). We have noted on several occasions over the years, most often citing our predecessor court's decision in *Duncan v. O'Nan*, 451 S.W.2d 626 (Ky. 1970), that subject matter jurisdiction does not mean jurisdiction over "this case;" rather, it means jurisdiction over "this kind of case." *O'Nan* makes clear that a court is deprived of subject matter jurisdiction only in cases "where the court has not been given any power to do anything at all." *Id.* at 631. "The court has subject matter jurisdiction when the 'kind of case' identified in the pleadings is one which the court has been empowered, by statute or

---

[3] Although the Court of Appeals does not expressly designate the writ one of the first class based upon the lack of subject matter jurisdiction, it noted that the Board argued "trial court lacks subject-matter jurisdiction to proceed on Spears' petition for review" and concluded, "We agree." Thus the Court of Appeals concluded that the circuit court lacked subject matter jurisdiction over the litigation, and since it made none of the findings essential for a writ of the second class, we regard the writ granted as one of the first class.

5

constitutional provision, to adjudicate." *Daugherty v. Telek,* 366 S.W.3d 463, 467 (Ky. 2012) (citation omitted). "[A] court has subject matter jurisdiction of the case so long as the pleadings reveal that it is the kind of case assigned to that court by a statute or constitutional provision." *Id.*

KRS 67A.670(1) clearly vests subject matter jurisdiction for judicial review of the Board's decision in this case with the Fayette Circuit Court. Subject matter jurisdiction assigned to the circuit court by statute does not evaporate when it is invoked by way of a petition which, despite deficiencies, nevertheless is obviously a pleading purporting to appeal a decision of the Board. The circuit court had jurisdiction over "that kind of case" notwithstanding the flaws of the initial pleading.

The Board cites our decision in *Taylor v. Kentucky Unemployment Insurance Commission,* 382 S.W.3d 826, 828 (Ky. 2012) to support its argument that the circuit court was acting outside its jurisdiction.[4] The Court of Appeals relied upon *Taylor* when it concluded that, because of the deficient pleading, the circuit court lacked subject matter jurisdiction of Spears' appeal. However, it must be noted that *Taylor* was not a writ case. *Taylor* went to the Court of Appeals as an ordinary appeal of a circuit court judgment. *Taylor*

---

[4] Although *Taylor* arose in the context of an appeal to the circuit court from an unemployment compensation decision pursuant to KRS 341.450(1), it addressed the merits of a substantially similar issue: whether the failure to strictly comply with the requirement for verification of the initial petition for judicial review is fatal to the petition.

6

does not address the question of subject matter jurisdiction in the writ context, and did not hold that the circuit court lacked *subject matter* jurisdiction.

*Taylor* determined only that the deficiency of the initial pleading invoking the circuit court's appellate authority left that court without jurisdiction of the particular case, much as the insufficiency of service of process leaves a court without personal jurisdiction over the unserved litigant.[5] The deficiency has no effect on the circuit court's subject matter jurisdiction. *Taylor* holds that the circuit court properly dismissed the unemployment compensation appeal because proceeding with the adjudication despite the deficiency of the initial pleading would have been erroneous.

Whether the Fayette Circuit Court acted erroneously when it applied the doctrine of substantial compliance and proceeded accordingly is a significant issue; but erroneously or not, the circuit court was clearly proceeding within its *subject matter* jurisdiction, which is the relevant inquiry under our writ analysis. The Court of Appeals erred when it concluded that the circuit court was acting outside its subject matter jurisdiction and, therefore, it also erred when it granted the Board's petition for a writ of the first class.

**B. A writ of the second class is unavailable because there is no showing that "great injustice and irreparable injury" would ensue.**

Having determined that the Court of Appeals erred by granting a writ of the first class, we proceed to determine if the writ might otherwise be upheld as

---

[5] *Soileau v. Bowman*, 382 S.W.3d 888, 892 (Ky. App. 2012)(The trial court erred by proceeding without personal jurisdiction over the individual, "and thus the orders affecting him are void.").

one satisfying the conditions of a writ of the second class. As noted above, a writ of prohibition of the *second class* is available when "the lower court is acting or is about to act erroneously, although within its jurisdiction." Unlike the requirements for writs of the first class, when the lower court is proceeding within its jurisdiction but proceeding erroneously, the aggrieved litigant must further demonstrate that it has "no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *PremierTox 2.0*, 407 S.W.3d at 546.

*Taylor* provides a plausible argument for concluding that the Fayette Circuit Court in this instance was proceeding erroneously. Whether *Taylor*'s rationale for strict compliance with the requirements of KRS 341.450(1) should apply equally to the similar requirements for appeal under KRS 67A.670 is an issue we need not decide because the issue before us in this case is simply whether a writ terminating the circuit court action was available to the Board. That question is easily resolved because there has been no claim that the Board will suffer "great injustice and irreparable injury" if the writ is not granted.

The Court of Appeals made no finding that the Board would suffer great injustice or irreparable injury if required to litigate Spears' case in the circuit court to a final judgment before undertaking a conventional appeal of the trial court's failure to apply the *Taylor* standard of strict compliance to Spears' pleading. The record before this Court is devoid of any indication that great injustice or irreparable harm will ensue, and we are unable to perceive any

8

such injury arising from this situation. We therefore conclude that the Board was not entitled to the alternate form of writ relief characterized above as a writ of the second class.

## C. A special case writ is unavailable because the orderly administration of justice is not imperiled by the circuit court's ruling.

As noted above, a variant of the second class of writ may be issued in limited circumstances.

> [W]e find that in certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury.

*Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961).

"As we have made clear, '[i]nconvenience, expense, annoyance, and other undesirable aspects of litigation' are insufficient to constitute irreparable injury. Rather, the injury "should be of a ruinous or grievous nature.'" *Toyota Motor Manufacturing, Kentucky, Inc. v. Johnson*, 323 S.W.3d 646, 654 (Ky. 2010) (citations omitted.) In *Toyota Motor Manufacturing*, we held that the orderly administration of justice would not be irreparably harmed if a writ was not issued to prohibit the re-opening, pursuant to CR 60.02, of a dormant case more than six years after the entry of the final judgment. *Id.* We concluded that the propriety of the proceeding could be adequately addressed by conventional appellate review.

9

Upon reviewing our precedent for prior applications of the special case writ, we are satisfied that the orderly administration of justice will not suffer and no substantial miscarriage of justice will occur if the Fayette Circuit Court is left to proceed in this matter to final judgment and the validity of its application of substantial compliance to the issue at hand is tested by the process of ordinary appellate review.

## III.    CONCLUSION

For the reasons set forth above, we conclude that Court of Appeals erred as a matter of law in granting the writ of prohibition. We therefore reverse the decision of the Court of Appeals and vacate the writ of prohibition.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Donald Richard Todd
Todd & Todd, PLLC

COUNSEL FOR APPELLEE/PAMELA R. GOODWINE:

Pamela R. Goodwine
Fayette District Court

COUNSEL FOR REAL PARTY IN INTEREST:
Roger Goodin Wright
Lexington-Fayette Urban County Government Department of Law