OPINION OF THE COURT BY
JUSTICE VENTERS
The Kentucky Unemployment Insurance Commission (KUIC) appeals from a decision of the Court of Appeals which concluded that Appellee Norman Wilson had substantially complied with the verification requirement of KRS 341.450(1) when he filed a complaint in the Jefferson Circuit Court seeking judicial review of an adverse decision of KUIC. The Jefferson Circuit Court dismissed Wilson’s complaint based upon the decision of this Court in Taylor v. Kentucky Unemployment Insurance Commission, 382 S.W.3d 826 (Ky. 2012). The Court of Appeals reversed the circuit court, citing the substantial compliance doctrine implicit in Shamrock Coal Co. v. Taylor, 697 S.W.2d 952 (Ky. App. 1985). We granted discretionary review to examine the continuing viability of Shamrock in light of our decision in Taylor.[1]
I. FACTUAL AND PROCEDURAL BACKGROUND
After losing his job, Wilson applied for unemployment compensation. When he received an unfavorable ruling from the KUIC, he exercised his statutory right of judicial review by filing a complaint in Jefferson Circuit Court pursuant to KRS 341.450(1). As relevant to our review, KRS 341.450(1) provides that a party aggrieved by a final decision of the KUIC may obtain judicial review of that decision “by filing a complaint against the commission in the [circuit court of the appropriate county], ... The complaint ... shall be verified by the plaintiff or his attorney.” (Emphasis added.)
Wilson’s attorney signed the complaint and Wilson signed an attached “verification” page which stated: “I, Norman Wilson, have read in its entirety the foregoing plea[ding], and to the best of my knowledge the information contained therein is truthful and accurate.” Neither Wilson’s signature, nor the signature of his attorney, was notarized or otherwise subscribed under oath before an officer authorized to administer oaths.
Citing Taylor, the circuit court concluded that Wilson’s complaint lacked the verification expressly required by KRS *339 341.450(1). Accordingly, the circuit court dismissed the action, reasoning that the unverified complaint failed to vest that court with the authority to adjudicate the case. On appeal, however, the Court of Appeals found Shamrock to be a more fitting precedent. Shamrock holds that a complaint which exhibits “a clear attempt at verification” is sufficiently compliant with KRS 341.450(1) to authorize judicial review. 697 S.W.2d at 953. Thus, the Court of Appeals reversed the trial court’s decision and reinstated Wilson’s claim.
II. ANALYSIS
In Taylor, we reaffirmed the “firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied.” 382 S.W.3d at 831.[2] As a general rule, “[tjhere is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required.” Board of Adjustments of City of Richmond v. Flood, 581 S.W.2d 1, 2 (Ky. 1978) (citations omitted). Statutory preconditions for vesting courts with the authority to engage in judicial review cannot be satisfied by substantial compliance. See City of Devondale v. Stallings, 795 S.W.2d 954, 957 (Ky. 1990) (“It is only [when defects are nonju-risdictional in nature] that a discussion of substantial compliance ... is appropriate.”). Consequently, at least with respect to the jurisdictional requirements for invoking judicial review of an administrative agency ruling, we have no substantial compliance exception to a statute which grants the right to appeal. See Kentucky Unemployment Insurance Commission v. Carter, 689 S.W.2d 360, 361-362 (Ky. 1985).
We also noted in Taylor a significant line of cases holding that the verification requirement of KRS 341.450(1) requires strict compliance, and that the attorney’s signature alone on the petition could not be regarded as satisfying the statutory requirement for verification.
We believe [Monyhan,[3] Pickhart,[4] Fisher[5], and Carter,[6] relied upon by Fisher] accurately state the rule in the case before us, and thus we hold that a properly verified complaint is required to invoke circuit court jurisdiction under KRS 341.450(1), and, further, that a CR 11 signature by the claimant’s attorney is insufficient to comply with the verification requirements of the statute.
382 S.W.3d at 830.
The Court of Appeals’ decision in Shamrock is plainly at odds with the principle of strict compliance. Shamrock, perhaps artfully, evades the foregoing principles by avoiding the term “substantial compliance.” Instead, it holds that the defective complaint was in “sufficient compliance” with KRS 341.450(1) because it exhibited “a clear attempt at verification.” 697 S.W.2d at 953. Shamrock states that the *340 pleading in question contained “no more than a technical defect” and reaches the curious conclusion that the complaint -was “verified, though not under oath.” Id.
By definition, “verification” occurs only when the signatory is “under oath.” A statement hot made under oath cannot be a “verified statement.” As we said in Taylor, citing Black’s Law Dictionary and 3 Am. Jur. 2d Affidavits § 8, “verification” means “a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth cf the statements in the document.” 382 S.W.3d at 834.
For whatever reason, the legislature determined that a complaint filed to obtain judicial review of a KUIC decision “shall be verified by the plaintiff or his attorney.” (Emphasis added.) A fundamental rule of statutory construction commands that “effect must be given, if possible, to every word, clause, and sentence of a statute.” Hampton v. Commonwealth, 257 Ky. 626, 78 S.W.2d 748, 750 (1934) (citations omitted). The judiciary is constrained to “giv[e] the words their plain and ordinary meaning,” and to “[deduce] the intent of the Legislature ... from the language it used, when it is plain and unambiguous.” Pearce v. University of Louisville, 448 S.W.3d 746, 749 (Ky. 2014) (citations omitted). We cannot disregard the words of the statute simply because we think the resulting application is harsh or we think the statute would be better without them.
In context with the rest of the statute, the meaning of “verified” is plain and unambiguous; we must give effect to that word. Every pleading filed in the courts must be “signed” by the party’s attorney, or -by the party himself if he has no attorney. CR 11. To construe the verification requirement of KRS 341.450(1) as being satisfied by the unsworn signature of a party or his attorney is tantamount to simply reading the word “verified” out of the statute. Shamrock’s conclusion that a signed but unsworn petition was “a clear attempt at verification” and thus in “sufficient compliance” with KRS 341.450(1) is untenable.
In Taylor, we noted that unlike the claimant in Shamrock, the claimant in Taylor had made “no effort at verification at all” and did not even attain the measure of “sufficient, compliance” tolerated by the court in Shamrock. “If Shamrock Coal is our guide for substantial compliance, Taylor falls short of that mark.” 382 S.W.3d at 833. By side-stepping the question of Shamrock’s continuing viability, we left the door open for its application by the Court of Appeals in this case. Consequently, the Court of Appeals concluded that the un-sworn signature on the verification page of Wilson’s complaint qualified as the kind of “clear attempt at verification”' tolerated under Shamrock’s concept of “sufficient compliance.” Taylor distinguished, but did not overrule, Shamrock. We correct that omission now. Shamrock was wrongly decided and is hereby overruled. A complaint subscribed with an unsworn signature lacking attestation before a notary or another officer authorized to administer oaths is merely a signed pleading sufficient for CR 11; but, it is not a verified complaint as required by KRS 341.450(1).
Turning back now to the particular facts of the case before us, the only question remaining is whether Wilson’s signed, but. unsworn, declaration of the truthfulness of the complaint complies with KRS 341.450(1)’s verification requirement. Taylor resolved that a complaint certified by the attorney does not meet the statutory qualification of being “verified.” We distinguished “certification” and “verification” in Taylor. “Verification” is “a formal declara *341 tion made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document” but “[certification is one’s personal affirmation of belief in the truthfulness of what is stated in the document.” 382 S.W.3d at 834.
The critical distinction between certification and verification is the latter’s required formality of being under oath and attestation by a third party, the notary or other official. Wilson contends that he complied with the requirements of KRS 341.450 because his pleading is styled as a “Verified Complaint,” it is signed by his attorney, who is an officer of the court, and unlike the complainant in Taylor, included a declaration that, to the best of his knowledge, the information in the complaint is truthful. He reminds us that his signature (though unsworn) was his formal declaration made in the presence of his attorney, an officer of the court. We do not question the veracity of Wilson or his attorney.
The Rules of Civil Procedure promulgated by this Court do not generally require that a pleading be verified; we are accustomed to merely a certification of the pleading. But we have long acknowledged that since there is no basic right of appeal to the courts from an action of an administrative agency, the General Assembly may prescribe the preconditions under which such an appeal must be perfected. Flood, 581 S.W.2d 1. Consequently, given the absence of an authorized officer’s statement attesting- that Wilson, or his attorney, swore under oath to the allegations of the complaint, we cannot regard it as “verified” within the meaning of KRS 341.450(1).
III. CONCLUSION
Having overruled Shamrock and determined that the complaint filed herein fails to satisfy the verification requirement of KRS 341,450(1), we reverse the opinion of the Court of Appeals and reinstate the judgment of the Jefferson Circuit Court.
All sitting.
Minton, C.J.; Hughes, Keller, and VanMeter, JJ., concur.
Wright, J,, dissents by separate opinion in which Cunningham, J., join

. This case squarely presents the question that evaded review in Spears v. Goodwine, 490 S.W.3d 347, 352 (Ky. 2016). Spears came to this Court as an appeal of a writ of prohibition granted by the Court of Appeals. The underlying case presented the question of whether substantial compliance would intervene to save an unverified complaint for judicial review of a decision of a public retirement fund board. We resolved the issue purely upon conventional writ analysis and did not address the underlying issue of substantial compliance.

.We acknowledge that the use of the word "jurisdiction” in this context is confusing. We clarified in Spears that "[t]he deficiency [of an unverified complaint seeking judicial review of an administrative order] has no effect on the circuit court’s subject matter jurisdiction.” 490 S.W.3d at 352. However, such deficiency leaves the "court without jurisdiction of the particular case.” Id. (citation omitted).

. Monyhan v. Kentucky Unemployment Insurance Commission, 709 S.W.2d 837 (Ky. App. 1986).

. Pickhart v. U.S. Post Office, 664 S.W.2d 939 (Ky. App. 1983).

. Fisher v. Kentucky Unemployment Insurance Commission, 880 S.W.2d 891 (Ky. App. 1994).

. Kentucky Unemployment Insurance Commission v. Carter, 689 S.W.2d 360 (Ky. 1985).