RENDERED:  SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1143-MR

WILL MCGINNIS                                                                    APPELLANT


APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 22-CI-01877


KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION AND
PAUL MILLER FORD, INC.                                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND CETRULO, JUDGES.

CALDWELL, JUDGE:  Will McGinnis ("McGinnis") appeals from the Fayette

Circuit Court's dismissal of his administrative appeal.  We affirm.

**FACTS**

McGinnis sought unemployment benefits after resigning his

employment at Paul Miller Ford, Inc.  A referee determined McGinnis was entitled

to benefits.  But the Kentucky Unemployment Insurance Commission ("KUIC")

reversed the referee's decision in an order mailed out on June 17, 2022. McGinnis filed a *pro se* complaint seeking judicial review of the KUIC's order on June 30, 2022.

KUIC filed a motion to dismiss. Citing KRS[1] 341.450(1), KUIC argued that the circuit court lacked jurisdiction over the case because McGinnis failed to verify his complaint. KRS 341.450(1) requires that a complaint seeking judicial review of an administrative decision about unemployment compensation "shall be verified by the plaintiff or his attorney."

On August 1, 2022, McGinnis filed a Motion to Add Sworn Statement and Notarized Signature to Complaint & Response to Motion to Dismiss. He argued that the verification requirement in KRS 341.450(1) was unclear. In his filing he also stated: "In the alternative, I respectfully ask the Court to accept the attached notarized statement which swears the complaint filed on June 30th in this case is true, to the best of my knowledge and belief and that I have signed it under penalty of perjury."

Following additional briefing and a hearing, the trial court issued a written order resolving McGinnis's motion and KUIC's motion to dismiss. Relying on Kentucky case law construing KRS 341.450(1), the trial court

---

[1] Kentucky Revised Statutes.

determined it lacked jurisdiction over this case because the complaint filed in June 2022 did not comply with the verification requirement in KRS 341.450(1).

The trial court also denied McGinnis's motion to add a sworn statement and notarized signature to his complaint. It viewed this motion as a motion to amend his complaint. It noted the motion to amend was filed more than twenty days after the KUIC decision, making any appeal based on the tendered amendment untimely.

McGinnis filed a timely appeal with this Court. He argues that KRS 341.450 is void for vagueness, implicitly suggests the dismissal should be reversed, and requests that the case be remanded back to the trial court for a resolution on the merits.[2]

The Appellees point out that McGinnis failed to notify the Attorney General that he was challenging the validity of a statute. *See* KRS 418.075.[3] The

---

[2] Though we do not elect to impose any sanctions, McGinnis's appellant brief does not fully comply with our appellate briefing rules – including the requirement that the appellant state at the beginning of his/her argument if and how his/her arguments were preserved for our review by raising these issues to the trial court. *See, e.g.*, Kentucky Rule of Appellate Procedure ("RAP") 32(A)(4). Though some leniency may occasionally be afforded to those who proceed *pro se* rather than being represented by counsel, *pro se* litigants are expected to follow appellate briefing rules and may be subjected to sanctions for failure to comply with these rules. *See, e.g.*, *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019). In particular, failure to provide a preservation statement may result in issues being reviewed only for manifest injustice rather than under otherwise applicable standards of review. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012) (discussing the consequences of failure to comply with the preservation statement requirement in former Rule of Civil Procedure ("CR") 76.12(4)(c)(v)).

[3] KRS 418.075 provides in pertinent part:

Appellees also point out that our Supreme Court has rejected assertions that the verification requirement in KRS 341.450(1) is vague or ambiguous. *See Kentucky Unemployment Insurance Commission v. Wilson*, 528 S.W.3d 336, 340 (Ky. 2017). Lastly, they argue that the trial court correctly dismissed the action consistent with binding precedent construing KRS 341.450(1) and other Kentucky statutes about administrative appeals.[4]

Because we agree with the Appellees' argument that the trial court's decision was consistent with precedent, we discern no error and we affirm.

## ANALYSIS

### Standard of Review

---

(1) In any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard, and if the ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the petition and be entitled to be heard.

(2) In any appeal to the Kentucky Court of Appeals or Supreme Court or the federal appellate courts in any forum which involves the constitutional validity of a statute, the Attorney General shall, before the filing of the appellant's brief, be served with a copy of the pleading, paper, or other documents which initiate the appeal in the appellate forum. This notice shall specify the challenged statute and the nature of the alleged constitutional defect.

Our Supreme Court has recently stated: "Compliance with KRS 418.075 is mandatory and appellate courts must demand strict compliance with the statute." *A.H. v. Louisville Metro Government*, 612 S.W.3d 902, 913 (Ky. 2020). Thus, we do not reach any issues about the constitutional validity of KRS 341.450(1). In any event, we conclude the trial court's resolution of this case is consistent with binding precedent and there is no reason to disturb its judgment as we explain in this Opinion.

[4] McGinnis did not file a reply brief so he did not respond to the Appellees' arguments.

This case presents issues about interpreting and applying legal authority, both statutes and case law, as well as questions about the trial court's jurisdiction. Issues of jurisdiction and statutory interpretation are reviewed *de novo*. *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018). Similarly, "application of legal standards and precedents is reviewed *de novo*." *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018).

**No Error in Trial Court Rejecting Vagueness Argument and Concluding it Lacked Jurisdiction Over Case Since the Complaint was Unverified**

As stated by the trial court in its opinion and order:

> Plaintiff [McGinnis] acknowledges he reviewed the statute, saw the requirement that the Complaint be "verified," and made attempts to understand what verification means in this context. He argues the word "verified" is "vague and ambiguous. "
>
> The Kentucky Supreme Court considered this very issue and expressly rejected the notion that the word "verified" is "ambiguous." *See Kentucky Unemployment Ins. Comm'n v Wilson*, 528 S W 3d 336, 340 (Ky. 2017) (holding, ["][i]n context with the rest of the statute the meaning of 'verified' is plain and unambiguous . . .")[.] The Court held "verified" means "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id*. A trial court "cannot disregard the words of the statute" and the verification requirement is not satisfied by the unsworn signature of a party[.]

And as stated by our Supreme Court and quoted by the trial court:

For whatever reason, the legislature determined that a complaint filed to obtain judicial review of a KUIC decision "*shall be verified* by the plaintiff or his attorney." (Emphasis added.) A fundamental rule of statutory construction commands that "effect must be given, if possible, to every word, clause, and sentence of a statute." The judiciary is constrained to "giv[e] the words their plain and ordinary meaning," and to "[deduce] the intent of the Legislature . . . from the language it used, when it is plain and unambiguous." We cannot disregard the words of the statute simply because we think the resulting application is harsh or we think the statute would be better without them.

In context with the rest of the statute, the meaning of "verified" is plain and unambiguous; we must give effect to that word. Every pleading filed in the courts must be "signed" by the party's attorney, or by the party himself if he has no attorney. CR 11. To construe the verification requirement of KRS 341.450(1) as being satisfied by the unsworn signature of a party or his attorney is tantamount to simply reading the word "verified" out of the statute. . . .

A complaint subscribed with an unsworn signature lacking attestation before a notary or another officer authorized to administer oaths is merely a signed pleading sufficient for CR 11; but, it is not a verified complaint as required by KRS 341.450(1).

*Wilson*, 528 S.W.3d at 340 (citations omitted).

In short, our Supreme Court has made clear that KRS 341.450(1)'s verification requirement is not vague or ambiguous but is mandatory and means that the plaintiff must make a formal declaration before a notary or other

-6-

authorized officer swearing to the truth of his/her statements. Merely signing one's complaint is not sufficient. *See Wilson*, 528 S.W.3d at 340.

Our Supreme Court has also made clear that a court lacks jurisdiction to review a KUIC decision unless there has been strict compliance with all statutory requirements for filing this type of administrative appeal – including the verification requirement in KRS 341.450(1). *See Wilson*, 527 S.W.3d at 339 (citing *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 830-31 (Ky. 2012)) (reaffirming the "firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied" and noting "a significant line of cases holding that the verification requirement of KRS 341.450(1) requires strict compliance[.]").

Regardless of the merits of any arguments for disturbing these clear holdings from our Supreme Court, we lack the authority to overrule Kentucky Supreme Court precedent. SCR[5] 1.030(8)(a) ("The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."). Thus, we are constrained to conclude that the trial court did not err in determining that it lacked jurisdiction over this case because of McGinnis's failure to verify his complaint filed June 30, 2022.

---

[5] Rules of the Supreme Court.

**No Error in Trial Court's Denying McGinnis's Motion, filed in August 2022, to Correct the Failure to Verify His Complaint**

The trial court construed "controlling case law" as holding that "the civil rules of amendment do not apply until the appeal is perfected[.]" It concluded that the appeal would be untimely because the tendered amendment to comply with verification requirements was not filed within twenty days of the KUIC decision. *See* KRS 341.450(1) (requiring that a verified complaint seeking judicial review of a KUIC decision be filed "within twenty (20) days after the date of the decision of the commission"). In so concluding it could not permit the amendment and must dismiss the appeal, the trial court quoted *Cabinet for Human Resources v. Holbrook*, 672 S.W.2d 672 (Ky. App. 1984):

> A long line of Kentucky cases have held that where appeal from an administrative agency decision is permitted by statute, the requirements of the statute are mandatory, and a circuit court does not obtain jurisdiction to hear the appeal unless the statutory requirements have been met. The civil rules which would normally permit amendment do not apply to appeals of administrative decisions until after the appeal has been perfected and jurisdiction has attached.

*Id.* at 675 (citations omitted).

The trial court's application of Kentucky law to not permit the amendment tendered more than twenty days after the KUIC decision is not erroneous. Rather, it clearly follows binding precedent from our Supreme Court which states one must file a verified complaint within twenty days of a KUIC

decision to obtain judicial review. *See Taylor*, 382 S.W.3d at 831 (construing the plain language of KRS 341.450(1) to provide: "[I]n order to secure judicial review, a claimant must file a *verified* complaint against the KUIC and the employer in the appropriate circuit court within twenty days after the KUIC's decision.").

There is no appeal as a matter of right from an administrative agency decision. Instead, one must strictly comply with all statutory requirements for filing an administrative appeal in order to obtain judicial review. *Wilson*, 528 S.W.3d at 339. Only after the appeal has been perfected and the court's jurisdiction has attached do the Rules of Civil Procedure about amendment apply in this context. *Holbrook*, 672 S.W.3d at 675. Furthermore, the appeal is not perfected nor does the court's jurisdiction attach unless a verified complaint is filed within twenty days of the KUIC decision. *See Taylor*, 382 S.W.3d at 831; *Wilson*, 528 S.W.3d at 339.

In short, the trial court properly followed precedent in concluding that it could not permit the amendment when it was tendered – well over twenty days after the KUIC decision. So, we must affirm on this issue as well.

Further arguments in the parties' briefs which are not discussed herein have been determined to lack merit or relevancy to our resolving this appeal.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the trial court's judgment.

ALL CONCUR.


BRIEF FOR APPELLANT:

Will McGinnis, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEES KUIC:

Andrew T. Bryson
Frankfort, Kentucky